**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                       )
ANA HERRERA,                           )
                                       )
                    Plaintiff,         )
                                       )            Civ. No. 09-3411 (GEB)
        v.                             )
                                       )            **MEMORANDUM OPINION**
COMMISSIONER OF SOCIAL                 )
SECURITY,                              )
                                       )
                    Defendant.         )
_____)

**BROWN, Chief Judge**

        This matter comes before the Court upon the appeal of Plaintiff Ana Herrera ("Plaintiff")

that alleges Defendant Commissioner of the Social Security Administration ("Defendant")

erroneously denied Plaintiff's application for benefits under the Social Security Act (the "Act").

(Compl.; Doc. No. 1.)  The Commissioner has filed a brief in opposition.  (Def.'s Opp'n Br.;

Doc. No. 12.)  The Court has jurisdiction pursuant to 42 U.S.C. § 405(g), and has considered the

parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.  For

the reasons that follow, the Court will affirm the final decision of the Defendant.


I.      **BACKGROUND**

        On August 26, 2005, Plaintiff filed an application for a period of disability and disability

insurance benefits, alleging disability beginning March 2, 2002.  (ALJ Decision, May 25, 2008;

Admin. Record ("A.R.") 20.)  The claim was denied initially on December 2, 2005, and upon

1

reconsideration, it was denied again on May 26, 2006.  (Id.)  Plaintiff filed a timely written request for a hearing on June 14, 2006, and testified at that hearing with the assistance of a Spanish interpreter on April 1, 2008.  (Id.)

Following the hearing, on April 15, 2008, the Administrative Law Judge ("ALJ") issued a decision that denied Plaintiff's applications for benefits.  (Id. at 25.)  Plaintiff had argued she was unable to work due to pain and mental limitations.  (Id. at 23.)  She testified that her mental stress was brought on by the fact that she had a son and daughter in Kuwait, and her physical pain was a back pain that radiated to her left leg, and caused difficulty sitting, standing, and walking.  (Id.)  The ALJ noted that while Plaintiff was under medical treatment at the time of the hearing, the record "is essentially void of any treatment prior to September 30, 2003, her date last insured."  (Id. at 24.)  Additionally, the ALJ noted that the Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms was not credible, and was inconsistent with the opinion and medical evidence pertaining to her case.

The ALJ summarized that opinion and medical evidence, noting that Plaintiff was treated for her musculoskeletal pain, underwent a bone density scan, and received an MRI on January 16, 2003.  (Id.)  These tests revealed only "minor arthritic changes" in Plaintiff's spine.  (Id.)   In a March 27, 2003 report, an examining physician of the Department of Human Services, Division of Medical Assistance and Health Service, Division of Family Development for the State of New Jersey, reported that Plaintiff showed no symptoms of a musculoskeletal, cardiovascular, neurological, or psychiatric impairment.  (Id.)  The physician did note a diagnosis for major depression, but believed that she would only be incapacitated by this depression for thirty to ninety days.  (Id.)

The ALJ considered four broad functional areas, as set down by the disability regulations, in evaluating Plaintiff's mental impairment.  The ALJ determined that Plaintiff had mild limitations in (1) daily living; (2) social functioning; and (3) concentration, persistence, or pace. (A.R. 24.)  With respect to the fourth category, episodes of decompensation, the ALJ found that Plaintiff suffered from no such episodes.  (A.R. 25.)

In his Decision, the ALJ found that: (1) Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2003; (2) Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of March 2, 2002, through her date last insured of September 30, 2003; (3) through the date last insured, Plaintiff suffered from musculoskeletal pain and depression; (4) through the date last insured, Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work activities for twelve consecutive months, leading to the conclusion that Plaintiff did not have a severe impairment or combination of impairments; and (5) Plaintiff was not disabled under the Social Security Act at any time from the alleged onset date to the date last insured.  (Id. at 22-25.)

Plaintiff's request for review by the Appeals Council was denied on June 24, 2009.  (A.R. 6-10.)  Plaintiff has now sought review of the ALJ's decision pursuant to 42 U.S.C. 405(g). (Doc. No. 1.)  In her complaint, filed on July 11, 2009, Plaintiff claims that the ALJ's decision was not supported by substantial evidence. (Id. at 2.)  Plaintiff therefore requests that an order be entered remanding this matter, requiring additional evidence be taken, that a judgment be entered paying Plaintiff all past present and future benefits to which she is entitled, and that this Court grant any other relief deemed equitable and just.  (Id. at 2-3.)

Defendant denies the allegations set forth in the complaint, and asserts that the ALJ's findings are supported by substantial evidence.  (Def.'s Answer 3; Doc. No. 6.)  Defendant demands dismissal of Plaintiff's complaint, and requests that a judgment be issued affirming the ALJ's decision.  (Id.)

## II.   DISCUSSION

### A.   Standard of Review

The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Substantial evidence exists when there is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Therefore, this Court is bound by the ALJ's findings of fact if they are supported by substantial evidence.  Morales v. Apfel, 225 F.3d 310, 316 (3d Cir. 2000).

### B.   Legal Framework of the Act

A plaintiff may not receive benefits under the Act unless he or she first meets statutory insured status requirements.  A plaintiff must be disabled, which is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An individual is not disabled unless "his physical or mental impairment or impairments are of

4

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives or whether a specific job vacancy exist for him, or whether he would be hired if he applied for work."  42 U.S.C. § 423(d)(2)(A).

Regulations promulgated under the Act establish a five-step process for an ALJ's evaluation of a claimant's disability.  20 C.F.R. § 404.1520 (2005).  In the first step, the ALJ must determine whether the claimant is currently engaged in "substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is working and the work is a substantial gainful activity, his application for disability benefits is automatically denied.  Id.  If the claimant is not employed, the ALJ proceeds to step two and determines whether the claimant has a "severe impairment" or "combination of impairments."  20 C.F.R. § 404.1520(a)(4)(ii).  A claimant who does not have a "severe impairment" is not disabled.  Id.  Third, if the impairment is found to be severe, the ALJ determines whether the impairment meets or is equal to those impairments listed in Appendix 1 of this subpart ("the Listing").  20 C.F.R. § 404.1520(a)(4)(iii).  If so, the claimant is conclusively presumed to be disabled, and the evaluation ends.  Id.; 20 C.F.R. § 404.1520(d).

If it is determined that the impairment does not meet or equal a listed impairment, the ALJ proceeds to step four, which requires a determination of: (1) the claimant's capabilities despite limitations imposed by an impairment ("residual functional capacity," or "RFC"); and (2) whether those limitations prevent the claimant from returning to work performed in the past ("past relevant work").  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is found capable of performing his previous work, the claimant is not disabled.  Id.  If the claimant is no longer able

5

to perform his prior line of work, the evaluation must continue to the last step.  The fifth step requires a determination of whether the claimant is capable of adjusting to other work available in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  The ALJ must consider the RFC assessment, together with claimant's age, education, and past work experience.  20 C.F.R. § 404.1520(g).  Thus, entitlement to benefits turns on a finding that the claimant is incapable of performing his past work or some other type of work in the national economy because of his impairments.

The application of these standards involves shifting burdens of proof.  The claimant has the burden of demonstrating both steps one and two, i.e., an absence of present employment and the existence of a medically severe impairment.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  If the claimant is unable to meet this burden, the process ends, and the claimant does not receive benefits.  Id.  If the claimant carries these burdens and demonstrates that the impairments meet or equal those within the Listing, claimant has satisfied his burden of proof and is automatically entitled to benefits.  Id.  If the claimant is not conclusively disabled under the criteria set forth in the Listing, step three is not satisfied, and the claimant must prove "at step four that the impairment prevents her from performing her past work."  Id.  Thus, it is the claimant's duty to offer evidence of the physical and mental demands of past work and explain why he is unable to perform such work.  If the claimant meets this burden, the burden of proof then shifts to the Commissioner to show, at step five, that the "claimant is able to perform work available in the national economy."  Id.  The step five analysis "can be quite fact specific." Burnett v. Commissioner, 220 F.3d 112, 126 (3d Cir. 2000).

### C.      Analysis

#### 1.      The ALJ's Step Two Analysis

In Plaintiff's first point in her brief, she states that the ALJ made "numerous errors of law and fact in truncating the five-step process and determining that [her] medical condition did not even exceed the de minimus step-two 'slightness' threshold." (Pl.'s Br. at 5.)  Plaintiff's first argument concerns the ALJ's application of step two of the five step process, as is required by the Act's regulations, examining the severity of the alleged impairment.  Those claimants whose symptoms are not severe are not entitled to disability.  20 C.F.R. § 404.1520(a)(4)(ii).  This second step of the five step process is "a de minimis screening device to dispose of groundless claims."  Beasich v. Comm'r of Soc. Sec., 66 Fed. Appx. 419, 428 (3d Cir. 2003).  An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work."  SSR 85-28.  Step two disallows benefits to only those claimants with slight abnormalities that do not significantly limit any "basic work activity."  Beasich, 66 Fed. Appx. 428.  "If the evidence presented by the claimant presents more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue."  Id.  If reasonable doubts exist as to the severity of the symptoms, they are to be resolved in favor of the claimant.  Id.

The Court concludes that Plaintiff's assertion that the ALJ improperly "truncated" the five step process is without merit.  Under the Act's regulations, an ALJ addresses whether a claimant's alleged disability is severe pursuant to the second step.  20 C.F.R. § 404.1520(a)(4)(ii).  If the ALJ determines that the claimant's alleged disability is not severe, then

the claimant is not disabled, and the process is at an end. (Id.) Having reviewed the ALJ's written opinion, the Court concludes that the ALJ followed this method and determined that the Petitioner's disability was not severe. (A.R. 22.) Specifically, the ALJ stated:

> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521).
>
> . . . .
>
> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could have been reasonably expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limited effects of those symptoms are not credible to the extent they are inconsistent with finding that the claimant has no severe impairment or combination of impairments for the reasons explained below.

 (A.R. 22-23.) Therefore, the Court concludes that Petitioner's appeal is denied on this point as it was not error for the ALJ to cease his inquiry at Step Two, given his finding.

Plaintiff also argues that the ALJ failed to fully consider the evidence presented. According to Plaintiff, the ALJ did not properly consider the opinion of Dr. Narcisa Murillo, who opined that plaintiff was unable to work at her old job, part time work, or job training. (Pl.'s Br. at 12-13; A.R. 285-309.) In addition to what Plaintiff calls a "cursory" review of the medical records, Plaintiff finds fault with the ALJ's disregard for Plaintiff's own testimony. (Id. at 13.) Plaintiff also asserts that the ALJ erred when she rejected arguments concerning the severity of Plaintiff's conditions because the record was "essentially void" of any medical treatment prior to the date of last insured, and finds fault with the ALJ's reliance on Plaintiff's failure to seek treatment (Id. at 12, 15.)

The Court rejects Plaintiff's argument and concludes that the ALJ did consider the evidence about which Plaintiff argues.  The Court notes that Dr. Murillo opined that Plaintiff would not be able to perform her work due to her alleged psychological problems.  Upon review of the evidence, the ALJ appropriately noted Dr. Murillo's opinion and also stated that Dr. Murillo's report concluded that Plaintiff would only be incapacitated by her psychological problems for thirty to ninety days.  (A.R. 24, 304.)  Under the Act, a disability must be an "impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The ALJ properly considered this report, and because the report opined that Plaintiff would be disabled for a period less than twelve months, the ALJ properly concluded that Plaintiff was not rendered disabled by her condition, as "disabled" is defined by the Act.   The Court notes that while Dr. Murillo also considered Plaintiff's alleged physical ailments, the physician stated that the physical ailments would only last ninety days to six months. (A.R. 307.)   As such, the Court again concludes that the ALJ did not err with respect to its review of Dr. Murillo's consideration of Plaintiff's physical ailments, because, again, Dr. Murillo determined that these would not continue beyond six months.  Because this time period is less than twelve months, Plaintiff is not considered disabled under the Act.

Plaintiff also takes issue with the ALJ's treatment of her testimony at the hearing.  An ALJ may weigh the credibility of the evidence, and must give some indication of the evidence that he rejects and his reason for discounting that evidence.  Fargnoli v. Massanari, 247 F.3d 34 (3d Cir. 2000).  An ALJ performs similar functions to a judge at a bench trial, and his or her opinion of the credibility of the evidence presented is important.  As discussed supra, this Court

9

will set aside the findings of fact of an ALJ only if those findings are not supported by substantial

evidence.  The Court concludes that the ALJ satisfied these requirements when he rejected

Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms,

and stated that this testimony was not credible in light of the other evidence presented. The

record contains substantial evidence, most notably reports that specifically state that Plaintiff's

impairments would not last more than one year, and therefore, the Court concludes that these

reports support the ALJ's opinion concerning the Plaintiff's credibility.  Accordingly, the Court

rejects Plaintiff's argument in this respect.  The ALJ properly noted in his written decision the

opinions contained in the medical reports and the specific evidence that he rejected given those

reports.

Plaintiff argues that the ALJ erred when he considered "plaintiff's lack of treatment, as a

reason for minimizing the plaintiff's complaints."  (Pl.'s Br. at 11.)  Plaintiff argues that her own

testimony and "the medical reports submitted by her treating doctor who treated her prior to the

expiration of the date of last insured reveal that she was significantly limited by her impairments"

and that she did seek treatment from Dr. Benito Rocha in 2003.  (Id. at 10-11.)  Defendant argues

that the record is "essentially void of any treatment prior to September 30, 2003."  (Def.'s Opp.

Br. at 6.)  Defendant detailed the evidence set forth in the record for dates prior to September 30,

2003, as follows: (1) on March 27, 2003, Dr. Murillo noted that Plaintiff felt depressed that

month; and (2) in 2003, Plaintiff sought treatment from Dr. Benito Rocha but did not take the

medication that he prescribed.  (Id.)  However, Plaintiff failed to seek ongoing treatment and did

not take any medication for her alleged ailments, and therefore, the Court concludes that the ALJ

did not err in factually concluding that "the record is essentially void of any treatment prior to

September 30, 2003, her date last insured." (A.R. 24) (emphasis added). The Court notes that the ALJ did not state that the record is entirely void, but rather, is "essentially void," and thereafter lists some tests that occurred prior to that date. (A.R. 24.)

The Court notes that ALJs have some leeway to consider a petitioner's failure to seek medical treatment, as "the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." SSR 96-7p. The ALJ must consider this evidence with caution, however, and must consider testimony provided by the Plaintiff, or other evidence in the record, that could explain a failure to seek medical advice. Id. Notably, the ALJ in this case did not rely as heavily on Plaintiff's failure to seek treatment as Plaintiff suggests in her moving brief. The ALJ's opinion, rather, relied on medical examinations that revealed "normal" results, "minor" arthritic changes, and a state of depression that would not incapacitate Plaintiff for a significant amount of time. (A.R. 24.) The Court concludes that this evidence was substantial and sufficient to justify the ALJ's decision that Plaintiff's ailments were not severe within the statutory meaning of 20 C.F.R. § 404.1520(a)(4)(ii). For these reasons, the Court rejects Plaintiff's argument and affirms the decision of the ALJ.

### 2. Social Security Ruling 83-20

Plaintiff also argues that the ALJ failed to follow Social Security Ruling 83-20, which governs the determination of the onset date of disability and related issues. (Pl.'s Br. at 16; Doc. No. 11.) Defendant argues that "an ALJ's decision to obtain medical expert testimony is

discretionary" and that here, "the ALJ was under no obligation to obtain medical expert testimony at plaintiff's hearing."  (Def.'s Opp. Br. at 10-11.)

Rule 83-20 requires an ALJ to determine the onset date of disability for the applicant.  It provides that this determination is necessary because "it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or is eligible for any benefits."  Ruling 83-20 notes that in many cases, the determination of the onset date for an alleged disability is critical but often difficult.  SSR 83-20.  In some instances, an ALJ may have to infer the onset date, and the ALJ "should call on the services of a medical advisor when onset must be inferred."  Id.  When no such inference is necessary, "the date alleged by the individual should be used if it is consistent with all the evidence available.  When the medical or work evidence is not consistent with the allegation, additional development may be needed to reconcile the discrepancy."  Id.  "However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record."  (Id.)

Contrary to Plaintiff's argument, the Court concludes that the ALJ did not err when he did not obtain medical expert testimony.  The onset date of Plaintiff's alleged conditions is not at issue.  Plaintiff alleged at the hearing, and re-alleges in her moving brief, that her symptoms started March 2, 2002,  (A.R. 22; Pl.'s Br. 6; Doc. No. 11), and the ALJ used this date in his opinion, pursuant to the directives of Ruling 83-20.   Further, the available medical records for the relevant time period were sufficient for the ALJ to make his determination without the appearance of a medical advisor.  See Walton v. Halter, 243 F.3d 703, 709 (3rd Cir. 2001) (noting that "[a]dequate medical records for the most relevant period were not available," thus requiring a medical advisor under SSR 83-20).   Therefore, because the alleged onset date was

12

not in dispute, and because adequate medical records for the relevant period existed, the ALJ properly chose not to call a medical advisor on this issue.

## III.     CONCLUSION

For the foregoing reasons, the Court will affirm the final decision of the Defendant.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: August 12, 2010

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.

13